STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2023 CA 1234

LISA E. STOGNER AND AMANDA B. STOGNER

VERSUS

TOYOTA MOTOR SALES, U.S.A., INC., GULF STATES
TOYOTA, INC. AND TOYOTA MOTOR CORPORATION

JUDGMENT RENDERED: _____JUN 0 3 2024_____

* * * * * * *

Appealed from the Twenty-First Judicial District Court
Parish of Livingston • State of Louisiana
Docket Number 163,283 • Div. A

The Honorable Jeffrey S. Johnson, Presiding Judge

* * * * * * *

| | |
|---|---|
| Anthony L. Glorioso<br>Gretna, Louisiana | COUNSEL FOR APPELLANTS<br>PLAINTIFFS—Lisa E. Stogner<br>and Amanda B. Stogner |
| Keith W. McDaniel<br>Mary Allison Mitchell<br>Covington, Louisiana | COUNSEL FOR APPELLEES/<br>DEFENDANTS—Toyota Motor<br>Sales, U.S.A., Inc., Gulf<br>States Toyota, Inc. and<br>Toyota Motor Corporation |

* * * * * * *

BEFORE: WELCH, WOLFE, AND STROMBERG, JJ.

**WELCH, J.**

The plaintiffs, Lisa Stogner and Amanda Stogner, appeal a judgment denying their motion to set aside a dismissal based on abandonment. We dismiss the appeal as untimely.

## BACKGROUND

The plaintiffs filed their underlying petition for damages on May 15, 2019. In their petition, the plaintiffs alleged that they sustained injuries when the front airbags of the vehicle in which they were riding, which was owned and being operated by Lisa Stogner, inflated without any impact while they were driving on I-12 in Livingston Parish. The plaintiffs further alleged that "[t]he sudden, non-impact-related inflation of the frontal airbags" caused Lisa E. Stogner to lose control of the motor vehicle, causing injuries and damages to all occupants of the vehicle.[1] Toyota Motor Sales, U.S.A. Inc., Gulf States Toyota, Inc., and Toyota Motor Corporation (collectively "Toyota") were named as defendants.

In October 2022, Toyota filed an "*Ex Parte* Motion to Dismiss on the Basis of Abandonment," urging the trial court to dismiss the action as abandoned by operation of law because no party had taken any step-in its prosecution or defense within three years. See La. C.C.P. art. 561(A)(1).[2] The

_____

[1] Amanda Stogners's two minor children, Dominic Stogner and Aubrie Stogner, were also guest passengers in the vehicle. The two children were later named as plaintiffs in a supplemental and amending petition filed on May 23, 2019.

[2] As amended by 2023 La. Acts, No.5 §1, La. C.C.P. art. 561(A) provides:

> (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
>
> (a) Which has been opened;
>
> (b) In which an administrator or executor has been appointed; or
> (c) In which a testament has been probated.

2

trial court signed an order dismissing the plaintiffs' action, without prejudice, as abandoned on October 12, 2022. See La. C.C.P. art. 561(A)(2).

The plaintiffs then filed a "Motion to Set Aside Dismissal and For Sanctions" ("motion to set aside dismissal"). See La. C.C.P. art. 561(A)(3). In their motion to set aside dismissal, the plaintiffs alleged that Toyota had requested an unlimited extension of time to file a response to the suit because Toyota was attempting to settle the matter. A hearing on the motion to set aside dismissal was held on January 30, 2023, after which the trial court took the matter under advisement. On February 17, 2023, the trial court issued written reasons for judgment denying the motion to set aside dismissal. A judgment in accordance with the trial court's written reasons was signed on March 20, 2023, and notice of the judgment denying the motion to set aside dismissal was issued on March 21, 2023. See La. C.C.P. art. 561(A)(3).

On March 1, 2023—between the time of the trial court's February 17, 2023 written reasons for judgment and its signing of the judgment on March 20, 2023—the plaintiffs filed a motion for new trial from the judgment denying the motion to set aside dismissal. On May 8, 2023, the trial court signed a judgment denying the motion for new trial, which was mailed to all parties on May 10, 2023.

On May 25, 2023, the plaintiffs filed a devolutive appeal from the March 20, 2023 judgment denying the motion to set aside dismissal and the May 8, 2023 judgment denying the motion for new trial. On appeal, the plaintiffs assert that the trial court erred when it denied their motion to set aside dismissal and the motion for new trial.

**TIMELINESS OF APPEAL**

After the record was lodged with this Court, this Court, *sua sponte*, issued a rule to show cause order, noting that the motion for devolutive appeal

3

filed on May 25, 2023 appeared untimely given that the trial court denied the plaintiffs' motion to set aside dismissal on March 20, 2023, with notice of judgment being issued and mailed by the clerk's office the next day. See La. C.C.P. art. 561(A)(4).[3]  In response to the rule to show cause order, the plaintiffs argued that they filed their motion for new trial from the denial of their motion to set aside dismissal pursuant to La. C.C.P. art. 1974[4] before the judgment denying same was signed.  As such, the plaintiffs claimed that the appeal was timely sought within sixty days after the trial court denied their timely motion for new trial.

In order to determine whether this appeal by the plaintiffs is timely, this Court must determine whether there can be a motion for new trial from the denial of a motion to set aside a dismissal on the basis of abandonment.  If there can be no motion for new trial from a motion to set aside a dismissal on the basis of abandonment, then the plaintiffs' appeal is untimely.  If there can be a motion for new trial from the denial of a motion to set aside a dismissal based on abandonment, then the appeal herein is timely given that the motion for new trial was denied on May 8, 2023, with notice issued on May 10, 2023 and the motion for appeal was filed on May 25, 2023.

However, for the reasons set forth below, we find that under La. C.C.P. art. 561, the plaintiffs could not file a motion for new trial after the trial court

---

[3] Sixty days from March 21, 2023 is Saturday, May 20, 2023.  However, Saturdays and Sundays are legal holidays. See La. R.S. 1:55.  Moreover, in computing time, "[t]he last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday." La. C.C.P. art. 5059(A). As such, if the sixty-day time delay for taking an appeal runs from the mailing of the notice of the denial of the motion to set aside dismissal, then deadline for filing the appeal have been Monday, May 22, 2023, and the instant appeal sought on May 25, 2023 would be untimely.

[4] Under La. C.C.P. art. 1974, the delay for applying for a new trial is seven days, exclusive of legal holidays, with the delay commencing to run on the day after the clerk has mailed the notice of judgment as required by La. C.C.P. art. 1913.

denied their motion to set aside dismissal. Rather, their sole remedy was to appeal.

Louisiana Code of Civil Procedure article 561(A) provides, in pertinent part:

> (3) **A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal.** If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to [La. C.C.P. art.] 1913(A) and shall file a certificate pursuant to [La. C.C.P. art.] 1913(D).
>
> (4) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriff's service of the order of dismissal. **An appeal of an order of denial may be taken only within sixty days of the date of the clerk's mailing of the order of denial.** [Emphasis added.]

Louisiana Code of Civil Procedure article 561 provides the exclusive procedure for a judgment dismissing an action on the basis of abandonment. **Hancock Bank of Louisiana v. Robinson,** 2020-0791 (La. App. 1st Cir. 3/11/21), 322 So.3d 307, 311. With regard to the appeal of a dismissal due to abandonment, the comment to the 2003 amendments to La. C.C.P. art. 561 likens a motion to set aside a dismissal to a motion for new trial:

> [La. C.C.P. art.] 561 has been amended to add specific appeal provisions. An appeal may be taken either following a formal order of dismissal, or following an order denying a timely motion to set aside the dismissal. Under these provisions, a motion to set aside an order of dismissal is similar to a motion for new trial, and an order denying such a motion is similar to an interlocutory order denying a motion for new trial. However, the taking of evidence, the finding of facts, and the assessment of credibility often will occur only if a timely motion to set aside prompts a contradictory hearing. Accordingly, an order denying such a motion is better treated as a final judgment for purposes of notice pursuant to [La. C.C.P. art.] 1913.

Similarly, this Court has noted that there can be no motion for new trial from a judgment or order of dismissal on the basis of abandonment. Rather, La. C.C.P. art. 561(A)(3) provides that a motion to set aside the dismissal may be made within thirty days of the sheriff's service of the order of dismissal.

5

As such, this Court has treated a motion for new trial from a dismissal on the basis of abandonment as a motion to set aside the dismissal under La. C.C.P. art. 561(A)(3). See **Burkette v. Central Community School System**, 2023-0305 (La. App. 1ˢᵗ Cir. 9/15/23), 2023 WL 6018585 at *1 (unpublished); **Duron v. State Through Department of Public Safety and Corrections**, 2021-1547 (La. App. 1ˢᵗ Cir. 6/6/22), 343 So.3d 732, 733 n.2.

If a motion for new trial could be filed from a judgment denying a motion to set aside a dismissal, a party would effectively be allowed to seek the same relief twice, regardless of the pleading's title—*i.e.*, asking the trial court to set aside its order of dismissal. Moreover, La. C.C.P. art. 561 provides the exclusive procedure for a judgment dismissing an action on the basis of abandonment. **Hancock Bank**, 322 So.3d at 311.

The plaintiffs in this case timely filed their motion to set aside dismissal in accordance with La. C.C.P. art. 561(A)(3), and the trial court denied that motion. After the clerk mailed the order denying that motion, the plaintiffs' sole remedy was to take an appeal. See La. C.C.P. art. 561(A)(4). An appeal of an order denying a motion to set aside an order of dismissal "may be taken only within sixty days of the date of the clerk's mailing of the order of denial." Herein, the trial court issued its notice of the denial of the motion to set aside dismissal on March 21, 2023. Sixty days therefrom is Saturday, May 20, 2023. As such, the appeal delay expired on Monday, May 22, 2023. See La. R.S. 1:55 and La. C.C.P. art. 5059(A). Therefore, the instant appeal filed by the plaintiffs on May 25, 2023 is untimely and must be dismissed.

## CONCLUSION

For all of the above and foregoing reasons, the plaintiffs' appeal is dismissed as untimely.

**APPEAL DISMISSED.**

6